**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KRISTIN DEVAUL,**

**Plaintiff,**

**v.**

**Civil Action No: 1:26-cv-00093-TSK**
**Judge: Thomas S. Kleeh**

**MARION COUNTY BOARD OF EDUCATION;**

**DONNA COSTELLO, in her individual and official capacity as a member of the Marion County Board of Education;**

**KEVIN ROGERS, in his individual and official capacity as a member of the Marion County Board of Education; and**

**JAMES SAUNDERS, in his individual and official capacity as a member of the Marion County Board of Education,**

**Defendants.**

**DEFENDANT MARION COUNTY BOARD OF EDUCATION'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**NOW COMES** the Defendant, the Marion County Board of Education, by and through undersigned counsel, Thomas E. Buck, Esq., Mark A. Kepple, Esq., Isabella M. Ortiz, Esq., and the law firm of Bailey & Wyant, PLLC, and replies to Plaintiff's Response to Defendant's Motion to Dismiss. In support of its Motion, Defendant states as follows:

## I. Argument

### A. Plaintiff's claim for sex-based discrimination under Title VII fails to state a claim.

This Court held that:

> [a]bsent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class.

*Farah v. West Virginia University Bd. of Governors*, 2025 WL 670197 at * 5 (N.D.W.Va. Mar. 3, 2025). Here, Plaintiff fails under the second element in alleging that she demonstrated a satisfactory job performance. Additionally, Plaintiff misconstrues the standard by which the Court evaluates "adverse employment actions."

> The United States Court of Appeals for the Fourth Circuit has limited qualifying "adverse employment actions" in Title VII discrimination cases to acts that constitute[ ] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

*Id.* (internal quotations omitted) (internal citations omitted). As alleged in Defendant MCBOE's Motion to Dismiss, Plaintiff does not allege that she was fired, reassigned to significantly different job responsibilities, and did not receive a change in benefits. Plaintiff claims that Defendant Saunders' request for her to actually be at work is some sort of harm. However, Plaintiff never alleges within her Complaint that traveling outside of the office is a job requirement or that this request materially changes anything about her job.

As it pertains to the subject of pay, Plaintiff claims that as a result of her alleged "protected activity," Defendant MCBOE is "continuing to pay her less than her male comparators." Pl's. Amend. Cplt. ¶ 211. Plaintiff cannot say that she was paid less *as a result* of the alleged protected activity, because she was already being paid less than the alleged male comparators before her alleged "protected activity." Plaintiff's alleged causal connection fails as a matter of law.

Plaintiff claims that she was penalized for a "close professional association with a female colleague that the same Board members tolerated, without comment, between male administrators." Pl's. Resp. Pg. 7. Plaintiff references a recording wherein Superintendent Heston was allegedly "interrogated" by Defendant Costello" to support her assertions. *See also* the

recording attached as Exh. A.[1] Plaintiff improperly characterizes the Superintendent's interaction with Defendant Costello as an "interrogation," when upon listening to the same, Defendant Costello actually brought the rumor to Superintendent Heston's attention with a plan to address them. Exh. A at 19:08 (wherein Defendant Costello recommends to Superintendent Heston that she should address the rumors during meetings with administrators and encourage a private discussions with her). Superintendent Heston admits within the recording and Plaintiff concedes within her First Amended Complaint, that two female employees shared a closer personal relationship than "anything between the Dr. Heston and Ms. DeVaul and who were never accused." Pl's. Amend. Cplt. At ¶ 60; *See also* Exh. A at 16:53. Plaintiff's own allegations essentially concede that gender is not a "but-for" variable, because the other women referenced were not "penalized" for having a close relationship. Plaintiff's Amended Complaint therefore fails to sufficiently allege that "the Board acted because of sex."

Plaintiff attempts to argue that her claim of discrimination is premised on a stereotype and is therefore because of sex. However, as discussed *supra*, the same does not change the fact that Plaintiff has not suffered a legally actionable harm.

The "male comparators," Plaintiff references are not sufficiently similar to Plaintiff based on her own allegations. Plaintiff acknowledges that Male Comparator No. 2 possesses more experience than she does. Pl's. Amend. Cplt. ¶ 137. Additionally, Male Comparator No. 1, is discussed by the Superintendent at 4:40 of the second recording referred to as an "interrogation"

---

[1] The facts described herein are a description of the audio recordings referenced throughout Plaintiff's Complaint and therefore incorporated in the same. The recording has been attached as this Court "may consider a document submitted by the movant that was not attached or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Community Services, Bd.* 822 F.3d 159, 166 (2016). The audio recordings are being attached to shed light on the events alleged by Plaintiff's pleading.

that is actually just a conversation. *See* the referenced recording attached as Exh. B. (wherein the Superintendent states, "we take care of Scott Rieder" when she acknowledged that other surrounding counties pay more money to administrative staff.) To the extent Plaintiff is unhappy with her pay or compensation, the same is largely attributable to the Superintendent, who is asserting her own parallel claim against the Board of Education and is represented by the same counsel as Plaintiff.

Defendant's "public social media" argument does not miss the allegation. Plaintiff's mischaracterization of simply seeing Plaintiff's *public* social media posts as "surveillance," is incorrect. The same is not indicative of sex-based discrimination. Plaintiff fails to demonstrate how viewing her public social media profile is sex-based discrimination.

**B. Plaintiff fails to state a claim for a hostile work environment.**

As discussed *supra*, Plaintiff fails to demonstrate that the Board's alleged conduct is attributable to sex. Plaintiff acknowledges that other female administrators shared a closer relationship than the one she shares with Superintendent Heston and were never questioned. This is fatal to Plaintiff's claim that the Board's alleged conduct toward her was but-for sex. Plaintiff fails to satisfy the second element as set forth in *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015).

Plaintiff claims that the conduct she experienced with the Board was severe and pervasive. She relies upon the recorded "interrogations" which were just conversations with the Superintendent, and where Plaintiff's private life was not the topic of conversation. *See* Exh. A and B. As stated in the original Motion to Dismiss, Plaintiff's allegation stating that she was requested by a board member to remain at work is not severe or pervasive. Plaintiff fails to point to any legal support for the same. The board members viewing Plaintiff's public social media account is not

severe or pervasive. Plaintiff fails to cite any case law stating otherwise. Plaintiff's alleged conduct simply does not rise to the level of "severe" or "pervasive." Plaintiff states for the first time that precluding her from travel "strips her of her core job functions." Pl's. Amend. Cplt. at Pg. 10. This was not alleged in Plaintiff's 36-page, 251-paragraph Amended Complaint. Plaintiff cannot retroactively attempt to save her Complaint from its deficiencies with a Response to a Motion to Dismiss.

Plaintiff also mischaracterizes the facts of the instant matter. Plaintiff claims that the Board took no corrective action." However, as evidenced by Exh. A, the Board Superintendent acknowledges that the Board was investigating Ian Harned for his conduct in allegedly creating the subject rumor. Corrective action was in fact taken. Superintendent Heston even acknowledges that she is holding Mr. Harned accountable. *Id.*

**C. Plaintiff fails to state a claim for Retaliation under Fed. R. Civ. P. 12(b)(6).**

Plaintiff conveniently looks past how courts evaluate what it means to "have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). In *Burlington Northern*, the court used a reasonable employee standard to measure "material adversity." *Id.* at 54. In *Burlington Northern*, the plaintiff went 37 days without pay. Title VII was not set forth to serve as a "general civility code for the American workplace." *Id.* (citing *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)). The Fourth Circuit has provided an explanation about what dissuading a reasonable worker could entail, as follows:

> But how harmful is an action that would "dissuade a reasonable worker"? "[P]etty slights, minor annoyances, and simple lack of good manners" won't do it. Instead—according to the Supreme Court—the action must cause objectively "significant" harm. ("We speak of material adversity ... to separate significant from trivial harms."). So, whatever you call the "materiality" standard, it requires significant harm.

*Israelitt v. Enterprise Services, LLC*, 78 F.4th 647 (4th Cir. 2023) (internal citations omitted). The *Israelitt* Court essentially found that at the very least, an objective harm must be alleged. The same is supported by Justice Thomas's concurrence in *Muldrow*. ("In other words, a plaintiff must have suffered an actual disadvantage as compared to minor changes—i.e., more than a trifling harm").

Here, Plaintiff cannot satisfy the above standard. Being required to remain in the office is not an actual disadvantage, especially when Plaintiff failed to plead that travel is a job requirement. As far as the allegations in Plaintiff's Complaint go, she only states that Defendant Saunders, in July of 2026, claimed that people say the Superintendent is a lesbian. Pl's. Amend. Cplt. ¶ 169. The alleged rumor is completely silent regarding Plaintiff. *Id.* None of what Plaintiff claims is supported by the facts in her Complaint and do not rise to "an actual disadvantage."

Plaintiff's reliance on *Lettieri v. Equant Inc.*, 478 F.3d 640 (4th Cir. 2007) is also misapplied. In *Lettieri* the allegations of animus were that the defendants "stripped" the plaintiff of her job responsibilities, reduced her supervisory roles, and took away authority to meet with clients and set pricing. *Id.* at 651. It was alleged that the defendant took these actions to make a case that the plaintiff's role was unnecessary, subsequently terminating her. *Id.* That animus is simply lacking in the case at bar. Plaintiff simply claims that she was the subject of rumors, however, she was never even implicated in the most-recent alleged recitation of the rumor. Plaintiff claims that she must remain at her office during work hours, despite not alleging travel is an essential function of her job. Plaintiff fails on establishing a discriminatory animus. Accordingly, this Court should dismiss Plaintiff's discrimination claim for failure to state a claim.

**D. Plaintiff fails to state a § 1983 claim under Fed. R. Civ. P. 12(b)(6).**

Plaintiff attempts to impose liability for the Board of Education voting on her one-year employment extension contract. However, "Congress did not intend municipalities to be held liable unless *deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Com'rs of Bryan Co. Okl v. Brown*, 520 U.S. 397 (1997). The *Bryan Co.* Court further reasoned that "[c]laims such as the present, which do not involve an allegation that the municipal action itself violated federal law or directed or authorized the deprivation of federal rights, require application of rigorous culpability and causation standards in order to ensure that the municipality is not held liable solely for its employees' actions." *Id.* at 398.

The Board did not vote on the alleged "directive" which was actually just a board member requesting that Plaintiff remain at work during work hours. As referenced above, the Board's alleged conduct was not discriminatory, retaliatory, or otherwise improper as it pertains to Plaintiff.

Plaintiff has failed to state a claim upon which relief can be granted as it pertains to her § 1983 claim. This Court should dismiss Plaintiff's claim, accordingly.

**E. Plaintiff's understanding of vertical *stare decisis* is facially incorrect. Dismissal of Plaintiff's WVHRA claims is proper.**

Plaintiff incorrectly states that *Jones v. Town of Lumberport*, 2024 WL 5201657 (W. Va. Ct. App. Dec. 23, 2024) does not bind this Court. Plaintiff is incorrect. The Court's role in this instance is *not* to "predict how the Supreme Court of Appeals would rule" on anything. The West Virginia Judiciary expressly states that memorandum opinions are legal precedent. Additionally, if there is a conflict between a signed opinion and a memorandum opinion, the published opinion controls. Here, there is no West Virginia State Court opinion which conflicts with *Jones.* As such, *Jones* controls. Federal courts have held in previous opinions that state court opinions pertaining to the WVHRA control. *See Pajak v. Under Armour, Inc.*, 2021 WL 2404344 (N.D.W.Va June 11, 2021); *see also* 2009 WL 2632147 (4th Cir. 2009). *Jones* is express in that it is not following the

holding in *Bostock* at *5. Plaintiff's claims, as they pertain to the West Virginia Human Rights Act, should be dismissed accordingly.

**F. Defendant still contends that at the time of its Motion, Plaintiff's service was insufficient.**

Plaintiff's Response does not deny that service at the time Defendant MCBOE filed it Motion to Dismiss was insufficient pursuant to the West Virginia Code.

**II. Conclusion**

For the reasons stated within Defendant MCBOE's Motion to Dismiss and its Reply, Plaintiff's Complaint should be dismissed in its entirely, with prejudice, for failure to state a claim upon which relief can be granted.

**WHEREFORE,** Defendant MCBOE moves this Court to dismiss Plaintiff's to dismiss Plaintiff's Complaint with prejudice, and for any and all other relief this Court deems appropriate.

**MARION COUNTY BOARD OF EDUCATION,**
*By Counsel.*

Thomas E. Buck, Esq.
W. Va. Bar ID # 6167
Mark A. Kepple, Esq.
W. Va. Bar ID # 7470
Isabella M. Ortiz, Esq.
W. Va. Bar ID # 14473
Bailey & Wyant, P.L.LC.
1219 Chapline Street
Wheeling, WV 26003
P: (304) 233-3100
F: (304) 233-0201
tbuck@baileywyant.com
mkepple@baileywyant.com
iortiz@baileywyant.com

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KRISTIN DEVAUL,**

**Plaintiff,**

**v.**

**Civil Action No: 1:26-cv-00093-TSK**
**Judge: Thomas S. Kleeh**

**MARION COUNTY BOARD OF EDUCATION;**

**DONNA COSTELLO, in her individual and official capacity as a member of the Marion County Board of Education;**

**KEVIN ROGERS, in his individual and official capacity as a member of the Marion County Board of Education; and**

**JAMES SAUNDERS, in his individual and official capacity as a member of the Marion County Board of Education,**

**Defendants.**

**CERTIFICATE OF SERVICE**

Service of the foregoing **DEFENDANT MARION COUNTY BOARD OF EDUCATION'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** was served upon all parties by CM/ECF service, this 15th day of October, 2026:

Ryan J. Umina, Esq.
UMINA LEGAL, PLLC
133 Greenbag Rd.
Morgantown, WV 26501
ryan@uminalegal.com
*Counsel for Defendant Marion County Board of Education*

Heather M. Noel, Esq.
J. Robert Rusell, Esq.
Shuman McCuskey Slicer PLLC
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
hnoel@shumanlaw.com

rrussell@shumanlaw.com
*Counsel for Defendants Donna Costello and Kevin Rogers*

Thomas E. Buck, Esq.
W. Va. Bar ID # 6167
Mark A. Kepple, Esq.
W. Va. Bar ID # 7470
Isabella M. Ortiz, Esq.
W. Va. Bar ID # 14473