IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

KRISTIN DEVAUL,

Plaintiff,

v. Civil Action No. 1:26-cv-00093-TSK
Judge Thomas S. Kleeh

THE MARION COUNTY BOARD OF EDUCATION, DONNA COSTELLO, in her individual and official capacity as a member of the Marion County Board of Education; KEVIN ROGERS, in his individual and official capacity as a member of the Marion County Board of Education; and JAMES SAUNDERS, in his individual and official capacity as a member of the Marion County Board of Education,

Defendants.

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS DONNA COSTELLO'S AND KEVIN ROGERS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (cleaned up). Such is the case here.

In her Response [ECF No. 15], Plaintiff predominantly repeats the allegations of her First Amended Complaint [ECF No. 3] (the "FAC"). What is missing is analysis of how the allegations from the FAC satisfy the legal elements of her claims against Defendants Donna Costello ("Costello") and Kevin Rogers ("Rogers"). Simply repetition of the statement that Plaintiff was treated differently than a similarly situated male does not make it true. Moreover, the instant Plaintiff incorporates the allegations regarding so-called "comparators" from her FAC into her response, the very same allegations of "comparators" made by Superintendent Dr. Donna Heston

in her companion case, C.A. No. 1:26-cv-00092, filed by the same counsel and presently pending before this Honorable Court. Just as is the case with Superintendent Heston, Plaintiff effectively admits that she was not treated differently based upon her sex by those "comparator" allegations. She alleges in the FAC that other men **and** other women purportedly similarly situated to here were not treated in the same manner as Plaintiff. By so doing, Plaintiff negates any notion that she was subject to Equal Protection violations under settled precedent.

### A. PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND DEFENDANTS ARE ENTITLED TO DISMISSAL OF PLAINTIFF'S EQUAL PROTECTION CLAIM AS A MATTER OF LAW.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that [she] has been treated differently from others with whom [she] is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). The purpose of the comparator in an equal protection case is to "isolate the factor allegedly subject to impermissible discrimination." *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996). Plaintiff's own allegations in the First Amended Complaint dispel any notion that she has met this basic requirement of an Equal Protection claim.

Plaintiff argues that she has pled the required comparators and that she is alleging discrimination because of sex, which receives heightened scrutiny. [ECF No. 15 at 9 (citations omitted)]. She also cites the plurality opinion in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 260-51 (1989), arguing that her claim is one of sex-based or gender-based stereotyping (i.e., women are stereotyped as homosexual for same-sex relationship and men are not). [*Id.* at 11-12]. The premise behind Plaintiff's argument – that she was penalized for an association ignored between men, thereby implying that a woman's professional standing "is explained by sex rather than merit" [*id.* at 10] – is logically flawed and without factual and legal support. Plaintiff's argument is based

almost entirely upon the same arguments advanced by Superintendent Heston in C.A. No. 1:26-cv-00092.

Plaintiff refers to the same alleged "comparators," including two women, and makes the same logically flawed sex-based discrimination based upon sexual stereotypes. Her argument is belied by her own FAC. Plaintiff references paragraphs 60, 124, 126, 136-38 of her FAC in this respect. [*Id.* at 9]. What she omits from her response is that nowhere in these paragraphs are the supposed comparators identified with any specificity so as to create the reasonable inference that they were similarly situated to Plaintiff. As such, Plaintiff has not sufficiently pleaded comparators to permit the required inference, as enunciated in *Morrison* and *Olvis*.

Significantly, in so responding, Plaintiff intentionally omitted the allegations she makes in paragraph 60 of the FAC.

> 60. The Superintendent confronted Defendant Costello with comparators — male administrators who socialized, traveled, and stayed overnight together and were never suspected of an improper relationship, and a female supervisor and subordinate whose relationship was closer than anything between Dr. Heston and Ms. DeVaul and who were never accused.

[ECF No. 3 at 9]. By so asserting, Plaintiff necessarily admits that the alleged conduct by Defendants Costello and Rogers was not based upon Plaintiff's sex, significantly undercutting her own claims for 42 U.S.C. § 1983 liability.[1]

"Discriminatory animus cannot be established simply by showing 'that a benefit was denied to one person while conferred to another.'" *SAS Assocs. 1, LLC v. City Council for City of*

[1] Plaintiff argues that "a comparator is not required at all where other evidence supports the inference of discrimination." [ECF No. 15 at 8, citing, *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 545-46 (4th Cir. 2003)]. Plaintiff admits that *Bryant* was analyzed under Title VII. [*Id.*]. As the Western District of Virginia recently observed, "[w]hile the Fourth Circuit has held that equal protection claims of racial discrimination in employment are evaluated under the Title VII framework, it has never addressed whether gender or sexual orientation-based claim should be similarly evaluated." *Correa v. Rector & Visitors of the Univ. of Va.*, 2025 U.S. Dist. LEXIS 140990 *19 n.3, 2025 WL 2076480 (W.D. Va., July 22, 2025) (applying the Title VII framework to gender discrimination claim because "both parties rely on Title VII").

*Chesapeake, Va.*, 91 F.4th 715, 720 (4th Cir. 2024), quoting. *Sylvia Dev. Corp. v. Calvert Cnty.*, Md., 48 F.3d 810, 819 (4th Cir. 1995). Rather, Plaintiff must demonstrate "that the disparate treatment was intentionally selected to produce 'adverse effects upon an identifiable group' or individual." *Id.*, quoting, *Wayte v. United States*, 470 U.S. 598, 610, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985)).

Plaintiff claims to have pleaded additional "evidence" of discriminatory animus, citing only comments allegedly made to and about the Superintendent. [ECF No. 15 at 10]. Not only is this "evidence" not specific to Plaintiff, contrary to her bald assertion [*id.* at 10-11], her own pleading contains allegations of fact negating the reasonable inference that these Defendants [or the Board] confined "a woman [Plaintiff] to her office for an association that the same officials ignore between men." [*Id.*]. Inasmuch as, by Plaintiff's own admission, at least two female employees of the Board (assuming any of the individuals mentioned were "similarly situated", which Plaintiff has yet to establish) were not subjected to what she alleges was discriminatory treatment, Plaintiff has failed to plead facts sufficient to establish a sex-based discriminatory animus on the part of either Defendant Costello or Defendant Rogers.

Thus, Plaintiff is left with only one basis for her Equal Protection claim – the allegation that she was treated differently because of a "perceived sexual orientation." As set forth in the memorandum filed by these Defendants, Plaintiff has failed to establish that "perceived sexual orientation" is a protected class under the Equal Protection Clause of the Fourteenth Amendment. [ECF No. 11-1 at 7]. Plaintiff does not respond or otherwise provide any precedent to the contrary in her Response. Further, by including both men and women in her list of supposed "comparators", Plaintiff necessarily concedes the fallacy of her proposition that she was subjected to discrimination based upon an alleged "sex stereotype."

Likewise, Plaintiff effectively concedes the point that Defendants Costello and Rogers cannot be held liable under 42 U.S.C. § 1983 unless she can allege (and ultimately prove) that they personally "subject[ed], or cause[d]" Plaintiff "to be subjected" to a deprivation of federal rights. [ECF No. 15 at 6, quoting, 42 U.S.C. § 1983]. In that respect, Plaintiff has failed to indicate how, if at all, she was deprived of a federal right by either of these Defendants individually. Plaintiff points to her allegations of conversations between Defendant Costello and the Superintendent and her assertions that Defendant Rogers scrutinized her social media. Yet, Plaintiff admits in her FAC that neither of these Defendants initiated the rumor she alleges was discussed by Defendant Costello and the Superintendent. Taken in the proper context of discussing the appropriate response to a rumor initiated by another employee, none of the alleged comments by Defendant Costello approaches an indication of discriminatory intent. Each of the alleged comments could just as easily be construed as encouraging the discounting of the rumor and diffusing of the same. As such, Plaintiff has failed to plead sufficient indications of discriminatory intent on the basis of isolated comments taken out of context. *See*, *Votaw v. Carthens*, 2021 U.S. Dist. LEXIS 160562, *13-14, 2021 WL 3773409 (M.D. N.C., Aug. 25, 2021) (single comment was just as easily interpreted as a dismissive comment about military members as gender discrimination and absent other facts giving rise to an inference of discrimination was insufficient to state an equal protection claim).

Plaintiff does not address her failure to sufficiently plead that Defendants Costello and Rogers were effectively governmental decisionmakers in the acts so alleged. *See*, *Katti v. Arden*, 161 F.4th 217, 226 (4th Cir. 2025) (the Equal Protection Clause "keeps governmental *decisionmakers* from treating differently persons who are in all relevant respects alike"), quoting, *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992) (emphasis

added). Contrary to Plaintiff's argument, these Defendants are not arguing that for application of legislative immunity. Rather, the foregoing Section 1983 precedent requires that Plaintiff establish that these Defendants discriminated under color of state law. Not only has Plaintiff failed to plead facts that create the inference of discriminatory intent on the part of Defendants Costello and Rogers, but she has failed to plead facts in support of the inference that either of these Defendants acted as a decisionmaker with regard to the terms and conditions of her employment. Given the admission that these Defendants could only act in this regard as members of a multi-member Board each possessing a single vote, Plaintiff has failed to state a cognizable claim under Section 1983 and the Equal Protection Clause of the Fourteenth Amendment.

For the foregoing reasons, Plaintiff's Complaint fails to state a claim against Defendants Costello and Rogers for violation of the Equal Protection Clause of the Fourteenth Amendment and Count IV of the instant Complaint must be dismissed as a matter of law.

### B. THESE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S EQUAL PROTECTION CLAIM.

The same rationale applies to the Defendants' assertion of qualified immunity. Plaintiff's opposition to qualified immunity depends entirely upon the notion that she was subjected to treatment unequal to others based upon her sex – female. Yet, Plaintiff admits that at least two other women were treated in the same manner Plaintiff alleges the (albeit unidentified) male "comparators" were treated. This admission undercuts any suggestion that Plaintiff was the victim of stereotyping on the basis of sex.

In her response, Plaintiff acknowledges the elements of qualified immunity under Fourth Circuit precedent. Nevertheless, Plaintiff does not come forward with precedent of any kind indicating that the circumstances she alleges in her FAC have been determined to constitute violations of a statutory or constitutional right clearly established such that a reasonable person

would have known their conduct was unlawful. *See*, *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Certainly, Plaintiff has not provided precedent establishing such "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir. 2004).

Therefore, Plaintiff must necessarily concede that "there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation," thereby entitling Defendants Costello and Rogers to qualified immunity. *Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994) (citations and quotations omitted). As such, Defendants Costello and Rogers are entitled dismissal of all claims asserted in Count IV of Plaintiff's Complaint.

### C. PLAINTIFF'S W. VA. HUMAN RIGHTS ACT CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

In her response, Plaintiff merely repeats the same theory of how her claim could be construed as a claim of sex discrimination – the allegation that she was treated differently as a female than males under the same or similar circumstances. As noted above, Plaintiff has debunked he own theory by her allegations in the FAC that at least two other women were similarly situated and not subjected to the same alleged scrutiny and treatment, thus leaving her with the argument that she was subjected to discrimination based upon "perceived sexual orientation." Not only does the same allegation (that at least two women were not subject to the same treatment) discredit Plaintiff's hypothesis, sexual orientation (perceived or stated) is not a protected class under the West Virginia Human Rights Act.

Rejecting a similar argument as advanced by Plaintiff here, the Intermediate Court of Appeals of West Virginia expressly held that, "we find that it is unambiguous that the statutory language in the WVHRA prohibiting employment discrimination because of "sex" does not prohibit discrimination based on 'sexual orientation.'" *Jones v. Town of Lumberport*, 2024 W. Va.

App. LEXIS 405, *7-9, 2024 LX 28298 (W. Va. Ct. App., Dec. 23, 2024) (memorandum decision), citing, among other authority, *State v. Butler*, 239 W. Va. 168, 174-78, 799 S.E.2d 718, 724-28 (2017) (applying similar analysis to a criminal statute prohibiting violations of civil rights and concluding that the word "sex" was unambiguous and did not encompass "sexual orientation").

Plaintiff argues that the *Jones* decision is not binding precedent but fails to offer any contrary authority – binding or persuasive. *See*, *Ball v. Joy Technologies, Inc.*, 958 F.2d 36, 39 (4th Cir. 1991) ("The *Erie* doctrine permits federal courts 'to rule upon state law as it presently exists and not to surmise or suggest its expansion.' *Washington v. Union Carbide Corp.*, 870 F.2d 957, 962 (4th Cir. 1989)…. We agree with the district court that such [public policy] considerations are better left to the respective legislatures and highest courts of West Virginia and Virginia."). *C.f.*, *Jarrell v. Hardy Cellular Tel. Co.*, 2020 U.S. Dist. LEXIS 129436, *5-6, 2020 WL 4208533 (S.D. W. Va., July 22, 2020) (granting a motion for leave to amend to assert discrimination based upon "sexual orientation" under the WVHRA based upon Title VII precedent, which was rejected by the ICA four years later in *Jones*).

Plaintiff attempts to fall back to a claim that Defendants Costello and Rogers aided, abetted, incited, compelled, or coerced the Board to discriminate against her in her employment on the basis of sex in violation of W. Va. Code § 16B-17-9(7)(A). Plaintiff's argument fails for two reasons: (1) as noted throughout this Reply, Plaintiff admittedly has failed to plead discrimination by these Defendants (or the Board) on the basis of her sex; and (2) as voting members of the Board, whether definitionally "persons" under the WVHRA or not, these Defendants cannot aid, abet, incite, compel, or coerce themselves into discriminatory action. *See*, *Cook v. Heck's Inc.*, 176 W.Va. 368, 375, 342 S.E.2d 453, 460 (1986) (a corporation "can act only through its agents or employees", and, for this reason, "'[a]gents and employees of a corporation cannot conspire with

their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage.'") (citations omitted).

Plaintiff's citation to *Holstein v. Norandex Inc.*, 194 W. Va. 727, 461 S.E.2d 473 (1995), is unavailing. There, the Supreme Court of Appeals was asked to determine whether or not a claim under what is now codified as W. Va. Code § 16B-17-9(7)(A) could be made against a fellow employee of the corporate employer. While the Supreme Court of Appeals held that the language of the WVHRA was to be liberally construed and a fellow "employee" could be considered a "person" under the WVHRA, it was not called upon to determine whether or not that definition included the policymaking governing body of the corporate employer. The same is true for Plaintiff's citation to *St. Peter v. Ampak-Division of Gatewood Prods.*, 199 W. Va. 365, 484 S.E.2d 481 (1997).

Unlike *Holstein* or *St. Peter*, in the instant context, Defendants Costello and Rogers are two of the five voting members of the Defendant Board. In the latter, the Supreme Court of Appeals focused on the holding the former that "the cause of action may properly be based upon an allegation that the defendant employee aided or abetted an employer engaging in unlawful discriminatory practices." *St. Peter*, 199 W. Va. at 374, 484 S.E.2d at 490, quoting, *Holstein*, 194 W. Va. at 732, 461 S.E.2d at 478. The instant situation is not akin to an "employee" allegedly aiding or abetting the "employer." To the contrary, Plaintiff seeks to hold individual Board members liable for aid and abetting themselves in the (allegedly) discriminatory actions. Neither of the cases cited by Plaintiff establishes that such a "conspiracy of one" is permitted under the WVHRA.

Similarly, as noted above, Plaintiff fails to identify sufficiently comparators to meet the underlying elements of a WVHRA claim of discrimination. And, by identifying (albeit without

sufficient detail) other females who were allegedly treated the same as the males referenced in the FAC, Plaintiff admits that she was not singled out because of her sex in violation of the WVHRA. Accordingly, Plaintiff has failed to state claims for violation of the WVHRA by Defendants Costello and Rogers, in their individual capacities, and Counts V, VI, and VII of the Complaint must be dismissed as a matter of law.

### D. PLAINTIFF'S PUNITIVE DAMAGES CLAIM MUST BE DISMISSED AS A MATTER OF LAW.

Plaintiff's response to the motion as to punitive damages assumes that she has sufficiently pleaded claims for sex-based discrimination, including the required deliberate indifference to her statutory and constitutional rights in this regard. By omission, Plaintiff concedes that she has failed to allege "evil motives" on the part of Defendants Costello and Rogers. And, as noted above, Plaintiff has failed in this regard by failing to allege sufficient facts in support of her claims and by pleading facts which directly contradict her theory of liability (i.e., that her sex was the motivating factor in the allegedly discriminatory conduct). By pleading comparators that were female, Plaintiff cannot reasonably suggest that she has stated a viable claim for Equal Protection violations, much less pleaded deliberate indifference on the part of Defendants Costello and Rogers. Therefore, she has failed to plead facts sufficient to justify an award of punitive damages on the federal claims. *See*, *Smith v. Wade,*461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983).

The same reasoning applies to Plaintiffs' State law claims against these Defendants. However, these Defendants are also entitled to the protections enacted by the West Virginia Legislature in W. Va. Code § 29-12A-7(a) and § 55-7-29(a). Other than observing that it involved a claim of negligence, Plaintiff offers no explanation as to why this Court's decision in *Arbaugh v. Bd. of Educ., Cnty. of Pendleton*, 329 F. Supp. 2d 762, 771 (N.D.W. Va. 2004) applying W. Va. Code § 29-12A-7(a) should not govern her claim for punitive damages here. The mere fact that the

WVHRA permits recovery of punitive damages does not mitigate against application of the specific statute governing claims against employees of political subdivisions.

Likewise, Plaintiff does not meaningfully address the required elements to obtain an award of punitive damages for State tort claims in general. Her allegations in this regard are purely conclusory and, as noted above, she has failed to allege an unlawful motive on the part of Defendants Costello and Rogers. Thus, her claims for punitive damages against these Defendants should be dismissed at this stage of the case. *See*, *West v. Dolgencorp, LLC*, 2021 U.S. Dist. LEXIS 182222, *5 (S.D. W. Va., Sept. 23, 2021) ("Ms. West's punitive damages claim contains nothing but a threadbare legal conclusion; her Complaint is devoid of allegations tending to show Dolgencorp acted with actual malice or with a conscious, reckless, or outrageous indifference to her safety or welfare. Dismissal is thus warranted.").

**MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(f)**

Plaintiff's argument against the Motion to Strike is curious, at best. In her response, Plaintiff concedes that the three paragraphs [ECF No. 3, ¶¶ 179-81] include the allegations that she "attempted to resolve" her claims prior to litigation and that Defendants (generically) "refused to take responsibility" for the same. [ECF No. 15 at 18]. As such, Plaintiff brazenly admits that the subject paragraphs run afoul of Rule 408 of the Federal Rules of Evidence and the principles behind the same. Accordingly, Plaintiff offers zero reason this Court should not follow the example set by the Eastern District of North Carolina and strike the same pursuant to Fed. R. Civ. P. 12(f). *See*, *Jeffrey v. Mid-Atlanticare South LLC*, 2012 U.S. Dist. LEXIS 59763, *6-7, 2012 WL 1555480 (E.D. N.C., Apr. 30, 2012) (stating that "the Court agrees with Defendant that a thinly veiled attempt to skirt the boundaries of exclusion under Rule 408 should not be rewarded" and striking allegations regarding efforts to compromise the claims asserted from the complaint, "informed by

the Fourth Circuit's holding in *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, [227 Fed. App'x 239, 247 (4th Cir. 2007) (unpublished)].").

**CONCLUSION**

**WHEREFORE**, Defendants, Costello and Rogers, respectfully request that this Court grant their Motion to Dismiss, dismiss the First Amended Complaint and all claims against these Defendants, with prejudice, and award such other and further relief as this Court deems just and proper under the circumstances.

DONNA COSTELLO and
KEVIN ROGERS,
By counsel.

/s/ Heather M. Noel
Heather M. Noel, W. Va. Bar No. 7814
J. Robert Russell, W. Va. Bar No. 7788
Shuman McCuskey Slicer PLLC
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
304/291-2702 telephone
304/291-2840 facsimile
hnoel@shumanlaw.com
rrussell@shumanlaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

KRISTIN DEVAUL,

Plaintiff,

v.

Civil Action No. 1:26-cv-00093-TSK
Judge Thomas S. Kleeh

THE MARION COUNTY BOARD OF EDUCATION, DONNA COSTELLO, in her individual and official capacity as a member of the Marion County Board of Education; KEVIN ROGERS, in his individual and official capacity as a member of the Marion County Board of Education; and JAMES SAUNDERS, in his individual and official capacity as a member of the Marion County Board of Education,

Defendants.

**CERTIFICATE OF SERVICE**

I, Heather M. Noel, counsel for Donna Costello and Kevin Rogers, hereby certify that on October 15, 2026, I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT DONNA COSTELLO'S AND KEVIN ROGERS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF System and served on the following:

Ryan J. Umina, Esq.
Umina Legal, PLLC
133 Greenbag Rd.
Morgantown, WV 26501
*Counsel for Plaintiff*

Thomas E. Buck, Esq.
Mark A. Kepple, Esq.
Isabella M. Ortiz, Esq.
Bailey & Wyant, P.L.L.C.
1219 Chapline St.
Wheeling, WV 26003
*Counsel for Marion County Board of Education*

Keith C Gamble
Litchfield Cavo LLP
1220 Greenbag Road
Morgantown, WV 26508
*Counsel for James Saunders*

/s/ Heather M. Noel________________
Heather M. Noel, W. Va. Bar No. 7814
J. Robert Russell, W. Va. Bar No. 7788
Shuman McCuskey Slicer PLLC
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
304/291-2702 telephone
304/291-2840 facsimile
hnoel@shumanlaw.com
rrussell@shumanlaw.com